IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL WAGNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 18-cv-4988 ) |
| COOK COUNTY SHERIFF'S OFFICE, and OFFICER DOYLE, Star #332, | ) Judge ) ) |
| Defendants. | ) ) |

# COMPLAINT

NOW COMES Plaintiff, PAUL WAGNER, by and through counsel, Jared S. Kosoglad, P.C., complaining of the defendants COOK COUNTY SHERIFF'S OFFICE, and OFFICER DOYLE, Star #332, states as follows:

## INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law that deprived Plaintiff of rights secured by the Constitution and laws of the United States; and Cook County Sheriff's Officials' widespread policies and practices that caused the plaintiff various injuries.

## JURISDICTION

2. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, Monell v. N.Y. Dep't of Soc. Servs., 436 U.S. 658 (1978), and the Fourth and Fourteenth Amendments to the United States Constitution.

3. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## PARTIES

4. PLAINTIFF PAUL WAGNER ("Plaintiff") is a citizen of the United States of America, who resides in Yorkville, IL.

5. DEFENDANT OFFICER DOYLE, Star #332, was, at the time of this occurrence, a duly licensed Cook County Deputy Sheriff. He is sued in his individual capacity.

6. DEFENDANT COOK COUNTY SHERIFF'S OFFICE is a municipal body under Illinois law and the employer and principle of Defendant Doyle.

## FACTS

7. On July 20, 2017, Plaintiff was working as a bartender at the Tin Roof Bar located at 158 N. Chicago St., Joliet, Illinois, 60432.

8. While Plaintiff was working on July 20, 2017, Defendant Doyle entered the bar, and for several hours, drank alcoholic drinks at a pace insufficient to make him significantly intoxicated.

9. Upon information and belief, at some point Defendant Doyle left the bar to consume an intoxicating substance.

10. After consumption of the intoxicating substance, Defendant Doyle's demeanor and behavior changed, despite only ordering one more alcoholic drink.

11. At or about 10:20 P.M., Defendant Doyle rushed Plaintiff behind the bar, shoved Plaintiff into a wall, and held a large black folding knife to Plaintiff's head.

12. Defendant Doyle then grabbed Plaintiff by the neck with his left hand and held the pocket knife to Plaintiff's head with his right hand.

13. Defendant Doyle screamed at Plaintiff.

14. Plaintiff's employer pulled Defendant Doyle off of Plaintiff.

15. Defendant Doyle attempted to excuse his behavior, telling Plaintiff's employer his assault was a "joke".

16. While Defendant Doyle was holding a knife to Plaintiff's head, a bar patron contacted the Joliet Police Department.

17. A short time thereafter, several Joliet Police Officers arrived to the Tin Roof Bar.

18. Upon arrival of the Joliet Police Officers, Plaintiff's employer sent the Joliet Police away.

19. Defendant Doyle holding the knife to Plaintiff's head was caught on surveillance video.

20. Prior to the incident on July 20, 2017, Plaintiff did not know Defendant Doyle and did not provide Defendant Doyle with his phone number.

21. The following day or days after the incident, Plaintiff received a text message from Defendant Officer Doyle, which stated:

> Hey PJ it's Mike I spoke to Danny earlier and bro I am so sorry.
> What started off to be a bad joke ended up being a dumb idea, you have my most sincere apology.
> Could you please call me so you can personally hear me apologize. I never meant for this to escalate into a huge misunderstanding. I spoke to wife and told her what had happened and she agrees I'm the biggest idiot in the world. It's completely my fault and I'd like you to hear me say it. If you can forgive me a lifetime of free drinks are on me!
> My deepest apology,
> Mike

22. Defendant Doyle was eventually de-deputized as a result of his assault of Plaintiff at the Tin Roof Bar on July 20, 2017.

23. However, prior to July 20, 2017, the Cook County Sheriff's Office had documented a wide array of misconduct by Defendant Doyle.

3

24. On May 13, 2009, the Cook County Sheriff's Office Internal Affairs opened an investigation, IA #: OPR2009-0266, which related to rude and unprofessional conduct by Defendant Doyle on April 29, 2009.

25. On July 2, 2015, Defendant Doyle participated in the extortion of Jasmin McBride, Patricia Hicks, and Lorenzo Smith. Despite complaints of misconduct made to the Sheriff's Office and a lawsuit being filed, the Sheriff's Office did not investigate Doyle's involvement. When the Sheriff's Office did investigate, the Office turned a blind eye to the many obvious lies told by Doyle in conspiracy with his co-defendants about the case.

26. On September 01, 2015, the Cook County Sheriff's Office Internal Affairs opened an investigation, IA#: UOF2015-0783, which alleged excessive force by Defendant Doyle on August 29, 2015.

27. On May 23, 2016, the Cook County Sheriff's Office Internal Affairs opened an investigation, IA#: UOF2016-0383, which related to the alleged use of excessive force by Defendant Doyle on May 16, 2016.

28. On June 3, 2016, the Cook County Sheriff's Office Internal Affairs opened an investigation, IA#: UOF2016-0688, which related to allegations of excessive force by Defendant Doyle on May 20, 2016.

29. On September 1, 2016 the Cook County Sheriff's Office Internal Affairs opened an investigation, IA No: UOF2016-1173, which related to allegations of excessive force by Defendant Doyle on August 27, 2016.

30. On March 13, 2017, the Cook County Sheriff's Office Internal Affairs opened up an investigation, IA #: UOF2017-0420, which related to allegations of excessive force by Defendant Doyle.

31. On August 10, 2017, the Cook County Sheriff's Office Internal Affairs opened up an investigation, IA #: UOF2017-1278, which related to prior allegations of excessive force by Defendant Doyle.

32. Finally, the Cook County Sheriff's Office, Office of Professional Review, opened up an investigation, OPR2017-0387, which related to a November 19, 2017 traffic stop by the Charleston Police who charged Defendant Doyle with a DUI.

33. A Charleston Police Department report reflected that a witness observed Defendant Doyle driving erratically and almost causing two accidents on Route 16.

34. Defendant Officer Doyle was de-deputized for the second time for conduct unbecoming.

35. Aside from his DUI, upon information and belief each of the prior incidents of misconduct occurred before the assault on Plaintiff.

36. Each of the prior incidents of misconduct provided an opportunity for the Cook County Sheriff's Office to address Defendant Doyle's use of excessive force and lack of integrity, but through the Sheriff's Office's widespread practice of failing to investigate and discipline its officers for excessive force and lack of honesty.

37. Due to this failure, instead each of those incidences provided Defendant Doyle with every reason to believe that his brutal and unprovoked assault on Plaintiff and subsequent effort to intimidate him would be protected and mitigated such that little or no consequence could be expected.

38. The internal investigative machinery of officer misconduct was thoroughly flawed, if not completely broken in its administration, and known to be so by the Sheriff's Office for many years.

39. Cook County Sheriff's Officers were almost never disciplined for their use of excessive force or their dishonesty, and even when disciplined, were not done so meaningfully.

40. Integral to this is the fact that officers within the Sheriff's Office abided by a mutual unwritten code of silence, covering for each other's misconduct by failing to report it when it occurred, lying about it when asked, failing to meaningfully investigate it when charged to do so, and failing to discipline for obvious patterns of abuse and dishonesty, as Defendant Doyle's history shows.

41. During several of these incidences, Defendant Doyle was dishonest about the allegations against him.

42. As a direct and proximate result of the actions of Defendant Doyle, Plaintiff was injured, including but not limited to severe emotional distress, humiliation, embarrassment, unwanted physical injury, and the deprivation of his constitutional rights and his dignity.

**COUNT I: 42 U.S.C. § 1983 – Failure to Train, Supervise, or Discipline (*Monell* Action)**
**Against Defendant Cook County Sheriff's Office**

43. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

44. At all times relevant, Plaintiff enjoyed and possessed rights pursuant to the United States Constitution.

45. Plaintiff's injuries were proximately caused by policies and practices on the part of the Cook County Sheriff's Office.

46. Defendant Cook County Sheriff's Office has a widespread practice by their employees under which law enforcement officers are not disciplined for misconduct.

47. Further, Defendant Cook County Sheriff's Office fails to discipline officers when they are dishonest and use excessive force.

48. Rather than discipline misconduct and require honesty, the Cook County Sheriff's Office circles the wagons. This widespread practice is allowed to flourish because Defendant CCSO directly encourages, and is thereby the moving force behind, the very type of misconduct at issue by failing to adequately train, supervise, and control officers; and by failing to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses such as those affecting Plaintiff.

49. In this way, Defendant CCSO violated Plaintiff's rights by maintaining policies and practices that were the moving force of the assault against Plaintiff.

50. The CCSO emboldened Defendant Doyle into a belief that he could do anything to anyone and make up the most ridiculous lies about it without any consequence.

51. The above-described widespread practices, so well-settled as to constitute de facto policy in the CCSO, and were able to exist and thrive because governmental policymakers with authority over the same, exhibited indifference to the problem, thereby effectively ratifying it.

52. Plaintiff's injuries were caused by an employee of the CCSO, including but not limited to the individually named Defendant Doyle, who acted pursuant to CCSO policies and practices in engaging in the misconduct described in this Count.

WHEREFORE, pursuant to <u>Monell v. N.Y. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978), Plaintiff demands judgment against Defendant Cook County Sheriff's Office for compensatory damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Against Defendant Doyle

53. Plaintiff re-alleges the above paragraphs, as if fully set forth herein.

54. By intentionally assaulting and battering Plaintiff at the Tin Roof Bar, the Cook County Sheriff's Office's investigation, the defendant engaged in extreme and outrageous conduct towards Plaintiff, causing Plaintiff to suffer extreme emotional distress.

55. The actions of the individual defendant caused Plaintiff to suffer damages, including but not humiliation, emotional distress, and mental anguish.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages in an amount to be determined by a jury, punitive damages, the costs of this action, and any such other and further relief as this Court deems equitable and just.

## COUNT III: BATTERY- State Law Claim
### Against Defendant Doyle

56. Plaintiff realleges the above paragraphs, as if fully set forth here

57. Defendant Doyle intentionally made physical contact by grabbing and shoving Plaintiff behind the bar while holding a knife to his head at the Tin Roof Bar on July 20, 2017.

58. The actions of Defendant Doyle caused Plaintiff to suffer damages, including but not limited to humiliation, emotional distress, unwanted touching, and mental anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Doyle for compensatory damages in an amount to be determined, punitive damages, the costs of this action, and any such other and further relief as this Court deems equitable and just.

## COUNT IV: ASSAULT- State Law Claim
### Against Defendant Doyle

59. Plaintiff re-alleges the above paragraphs, as if fully set forth herein.

60. Defendant Doyle caused Plaintiff to fear imminent bodily harm by grabbing, choking, and holding a knife to his head behind the bar at the Tin Roof Bar on July 20, 2017.

61. The action of Defendant Doyle caused Plaintiff to suffer damages, including but not limited to humiliation, emotional distress, and mental anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Doyle for compensatory damages in an amount to be determined, punitive damages, the costs of this action, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                                  Respectfully Submitted,
                                                  PAUL WAGNER

                              By:    s/ Jared Kosoglad
                                          Plaintiff's Attorney

                                            JARED S. KOSOGLAD, P.C.
                                            223 W. Jackson, Suite 200
                                            Chicago, IL 60606
                                            T: 312-513-6000
                                            E: jared@jaredlaw.com