IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Paul Wagner, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18 CV 4988 |
| | ) |
| Cook County Sheriff's Office, et al., | ) |
| | ) |
| Defendants. | ) |

Memorandum Opinion and Order

The amended complaint in this action alleges that while plaintiff was working as a bartender at the Tin Roof Bar in Joliet, Ilinois, he was attacked by defendant Doyle, an off-duty Cook County Deputy Sheriff's Officer who was patronizing the bar at the time. Plaintiff asserts state law claims of assault, battery, and intentional infliction of emotional distress against Doyle as well as a constitutional claim against the Cook County Sheriff's Office ("CCSO") under *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978). CCSO has moved to dismiss the *Monell* claim on the ground that plaintiff has pled no constitutional violation, nor a sufficient factual basis for inferring that the harm he suffered was caused by the CCSO's alleged policy, custom, or

practice of failing to investigate, supervise, or discipline its officers. Defendant Doyle also seeks dismissal of the complaint, arguing that plaintiff fails to plead facts sufficient to support his state claims, and that if the *Monell* claim is dismissed, I should relinquish supplemental jurisdiction over those claims in any event. Both motions are denied.

Plaintiff alleges that while apparently intoxicated, Doyle "rushed" him behind the bar; shoved him into a wall; grabbed him by the neck; and held a knife to his head. The following day, Doyle sent plaintiff a message apologizing for his actions, which Doyle characterized as a "bad joke." Plaintiff further alleges that at the time of the incident, Doyle had a history of misconduct involving excessive force and/or intoxication, some of which CCSO had documented and investigated and some of which it had ignored. Plaintiff's *Monell* theory is that the CCSO's policy, custom, or practice of insufficiently investigating and/or disciplining its deputies reflects "deliberate indifference" to the rights of individuals with whom those deputies come into contact, creating a culture of impunity that was the "moving force" behind Doyle's deprivation of substantive due process right to bodily integrity.

To establish liability under *Monell*, plaintiff must prove: 1) that he was deprived of a constitutional right; 2) that the deprivation was caused by CCSO's express policy, custom, or practice; and 3) that that policy, custom, or practice caused his

2

constitutional injury.[1] *See Ovadal v. City of Madison*, 416 F.3d 531, 535 (7th Cir. 2005). Plaintiff likens his case to *LaPorta v. City of Chicago*, 277 F. Supp. 3d 969 (N.D. Ill. 2017), and *Obrycka v. City of Chicago*, No. 07 C 2372, 2012 WL 601810 (N.D. Ill. Feb. 23, 2012) (St. Eve, J.). While neither case is factually on all fours with this one, they undercut CCSO's arguments for dismissal.

In *Obrycka*, an off-duty police officer brutally attacked a bartender. The plaintiffs alleged that the City conducted a "sham" investigation into the attack and that City officers conspired with each other and with private citizens to threaten plaintiffs with arrest, criminal charges, and bodily harm in retaliation for speaking publicly about the incident and for providing evidence in connection with its investigation. Plaintiffs claimed that this conduct violated the plaintiffs' substantive due process rights and several other constitutional guarantees. It is true that there is no analogue in plaintiff's complaint to the constellation of wrongdoing attributed to multiple state actors in *Obrycka*. But plaintiff's theory that CCSO's "*de facto* policy was the moving force behind" Doyle's conduct parallels the theory asserted in that case. 2012 WL 601810, at *6. And while not every state law battery triggers a constitutional injury, *see Alexander v.*

---

[1] *Monell* liability can also be established with proof that the deliberate act of a decision-maker with final policymaking authority, *Ovadal*, 416 F.3d at 535, but plaintiff's claim does not appear to rest on that theory.

*DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003), the facts plaintiff alleges amount to more than a trivial "offensive touching." *Id*. Meanwhile, *Gibson v. City of Chicago*, 910 F.2d 1510 (7th Cir. 1990), confirms that Doyle's off-duty status is irrelevant, since under plaintiff's theory, CCSO's "alleged policy...supplies the 'color of law' requirement." Id. at 1510. Accordingly, *Monell* liability does not require that Doyle himself acted under color of law.

*LaPorta* also militates in plaintiff's favor. In that case, an off-duty officer's service weapon discharged, shooting the plaintiff in the head and causing serious injuries.[2] The parties disputed whether the officer or the plaintiff himself had pulled the trigger. Although that factual dispute precluded summary judgment in the plaintiff's favor, since the court found "no authority for the proposition that an individual's choice to harm himself can as a matter of law constitute a substantive due process violation," *see id*. at 983, the court likewise declined to grant summary judgment in the City's favor. After rejecting the City's color-of-law argument out of hand under *Gibson*, the court went on to find that evidence supported the plaintiff's theory that the City had a "widespread practice or custom of impeding or

---

[2] To be precise, the plaintiff was the victim's father and guardian, who asserted the victim's claims on his behalf. For ease of exposition, I refer to the victim and the plaintiff as if they were one and the same.

4

interfering with police misconduct investigations and that an attendant code of silence pervades [the Chicago Police Department]." *Id*. at 991. That evidence, the court held, created a genuine dispute as to whether the City's practices "would lead [the officer] to believe he could inflict alcohol-fueled violence with impunity in his personal life." *Id*. at 991. The court concluded that a reasonable jury could find that the officer's conduct was "caused by a belief that that he was impervious to consequences due to CPD's administrative lapses and willingness to tolerate a code of silence." *Id*.

In short, these cases support plaintiff's *Monell* theory, and I am not persuaded that the facts he alleges are insufficient to state a plausible claim on that theory. Doyle's separate motion does not warrant additional discussion, as supplemental jurisdiction over the state claims is appropriate, and plaintiff has adequately pled those claims.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: March 22, 2019