IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL WAGNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18 C 4988 |
| | ) |
| COOK COUNTY SHERIFF'S OFFICE | ) |
| and OFFICER DOYLE, Star #332. | ) |
| | ) |
| Defendants. | ) |

## Memorandum Opinion and Order

Plaintiff Paul Wagner was working as a bartender at the Tin Roof Bar in Joliet, Illinois when defendant Michael Doyle, a bar patron and off-duty Cook County Deputy Sheriff, walked behind the bar, pushed plaintiff against the wall, and brandished a knife in his face. The incident was captured by the bar's surveillance camera, and although Doyle quibbles with minor details (such as whether he gripped plaintiff by the "neck" or "throat" and the distance between the knife and plaintiff's head), he does not dispute the essential facts, which are confirmed by the security footage. Police were called to the scene, but the responding officers left without speaking to either party. The following day, plaintiff called the Joliet Police Department to report the

incident. Following investigation by the Cook County Sheriff's Office ("CCSO") Office of Professional Review and disciplinary hearings before the Merit Board, Doyle was terminated from the Cook County Sheriff's Office.

Plaintiff later filed this action claiming that his injuries were the result of CCSO's unconstitutional policy of failing to train, supervise, or discipline its officers, and that Officer Doyle is liable for the torts of assault, battery, and intentional infliction of emotional distress as a result of his conduct. Plaintiff now seeks summary judgment of his assault and battery claims. Doyle responds that summary judgment is not appropriate because his conduct was intended as a "prank" or a "joke." But because Doyle's actions satisfy the element of assault and battery under Illinois law regardless of whether he actually intended to scare or harm plaintiff, summary judgment is warranted.

As Doyle acknowledges, assault in Illinois "involves intentional conduct that places the plaintiff in reasonable apprehension of an imminent battery." *Padilla v. Bailey*, No. 09 C 8068, 2011 WL 3045991, at *8 (N.D. Ill. July 25, 2011)(citing *McNeil v. Carter*, 742 N.E.2d 1277 (Ill. 2001)). To prove battery, plaintiff must show that Doyle "intended to cause a harmful contact, that harmful contact resulted and that the plaintiff did not consent." *Happel v. Wal-Mart Stores, Inc.*, 319 F. Supp. 2d

2

883, 885 (N.D. Ill. 2004) (citing *Cohen v. Smith*, 648 N.E.2d 329, 332 (Ill. App. Ct. 1995)). Doyle does not claim that he unintentionally approached plaintiff, or that he inadvertently pushed him against the wall while pointing a knife in his direction. Instead, Doyle insists that he did not take these actions with the intent to scare or harm plaintiff and suggests that his contact with plaintiff did not rise to the level of "offensive conduct." Neither argument is sufficient to withstand summary judgment.

There is no dispute—and the video footage confirms—that Doyle placed one hand on the upper portion of plaintiff's body and pushed him against the wall while pointing a knife at plaintiff with his other hand. Doyle disputes grabbing plaintiff by the "neck" or "throat," but these details are immaterial. The undisputed and observable facts objectively establish an offensive touching to which plaintiff did not consent. That is a battery. Similarly, Doyle's conduct was sufficiently threatening to place plaintiff in imminent apprehension of a battery regardless of whether he held the knife at plaintiff's "eye level." *See Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011) ("liability for tortious assault requires intent 'to cause a harmful or offensive contact ..., or an imminent apprehension of such a contact'") (citing RESTATEMENT (SECOND) OF TORTS § 21 (1965)).

Doyle's insistence that his conduct was a "joke" or a "prank" does not change the analysis. As the Restatement (Second) of Torts explains, where an act itself is taken intentionally,

> it is immaterial that the actor is not inspired by any personal hostility to the other. Thus the fact that the defendant who intentionally inflicts bodily harm upon another does so as a practical joke, does not render him immune from liability so long as the other has not consented. This is true although the actor erroneously believes that the other will regard it as a joke, or that the other has, in fact, consented to it. One who plays dangerous practical jokes on others takes the risk that his victims may not appreciate the humor of his conduct and may not take it in good part.

Restatement (Second) of Torts § 13, cmt. c. Accordingly, Doyle's contact with plaintiff was no less a battery—nor was his apparent threat of making some type contact with plaintiff with a knife any less an assault—for his claim that these actions were part of a "prank."

For the foregoing reasons, plaintiff's motion for summary judgment on his assault and battery claims is granted.

**ENTER ORDER:**

*/s/ Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: March 27, 2020

4